IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DERRICK D. FIELDS                                                             PLAINTIFF

v.                                        Civil No. 4:21-cv-04079

WARDEN JEFFRIES,
Miller County Detention Center, et al.                                    DEFENDANTS

**ORDER**

Plaintiff Derrick D. Fields filed his complaint *pro se* on October 28, 2021. (ECF No. 1). Although Plaintiff applied to proceed *in forma pauperis* ("IFP"), he did not attach a complete certificate-of-inmate account. Accordingly, Plaintiff's complaint was provisionally filed subject to a determination regarding his IFP status.

On October 28, 2021, the Court ordered Plaintiff to submit an amended complaint and to either submit a complete IFP application or pay the filing and administrative fees by November 18, 2021. (ECF No. 3). The Court specifically warned that failure to follow those directions would subject Plaintiff's complaint to dismissal for failure to obey a court order. (ECF No. 3). That order was not returned as undeliverable.

On November 11, 2021, Plaintiff filed an amended complaint as directed by the Court. (ECF No. 5). However, to date, he has not submitted a complete IFP application or paid the required filing fees, nor has he sought an extension of time to do either.

On November 29, 2021, the Court entered a show cause order, giving Plaintiff until December 20, 2021 to show cause as to why this case should not be dismissed for his failure to obey an order of the Court. (ECF No. 6). To date, Plaintiff has not responded to the show cause order and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986).

Plaintiff has failed to obey two orders of the Court and thus has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this matter should be, and hereby is, **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of February, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge